UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HASSAN HASSAN,** | ) | **CASE NO. 3:13 CV 479** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **NEIL TURNER,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Hassan Hassan filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the North Central Correctional Complex, having been convicted of one count of Felonious Assault and one count of Robbery. In his Petition, he asserts four grounds for relief: (1) he was denied an interpreter at his sentencing; (2) the trial court failed to conduct an allied offense hearing before imposing consecutive sentences; (3) the trial court did not advise him of his right to appeal; and (4) he received ineffective assistance of trial counsel. For the reasons set forth below, the Petition is dismissed without prejudice for failure to exhaust administrative remedies.

## I. BACKGROUND

Petitioner was indicted for Aggravated Robbery and Felonious Assault in July 2009 in

connection with the armed robbery of a Gino's Pizza employee. *See State of Ohio v. Hassan*, No. L-11-1188, 2012 WL 3144033 (Ohio 6 Dist. App. Ct. Aug. 3, 2012). The employee left the restaurant with cash proceeds to make a bank deposit. *Id.* Petitioner was lying in wait behind a dumpster. *Id.* When the employee passed by, Petitioner produced a knife and demanded the employee turn over the money. *Id.* The employee refused and a struggle over the money ensued. In the course of that struggle, Petitioner severely cut and injured the employee. *Id.*

On October 5, 2009, Petitioner, represented by counsel, entered into a plea deal. Petitioner agreed to enter a guilty plea and the State reduced count one from Aggravated Robbery, a first degree felony, to Robbery, a second degree felony. *Id.* He was sentenced on October 28, 2009 to four years on each count to be served consecutively, for a total of eight years incarceration. *Id.* He did not file an appeal of his conviction.

## II. POST CONVICTION PETITION

Petitioner filed a Petition for Post Conviction Relief in the trial court on September 20, 2010. In his Petition, he alleged that the court sentenced him to consecutive sentences without making factual findings required by Ohio Revised Code §§ 2929.14, 2929.19, and 2929.41. The relevant portions of these statutes were found to be unconstitutional by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St. 3d 1 (2006). Petitioner argued that the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160 (2009) effectively reversed *Foster* and he was therefore entitled to a hearing on the statutory factors before consecutive sentences could be imposed.

The trial court disagreed. The court first noted that Petitioner's argument had been rejected by the Ohio Supreme Court in *State v. Hodge*, 128 Ohio St. 3d. 1 (2010). The trial

court, however, held that the doctrine of *res judicata* applied to prevent consideration on the merits of the Petition because Petitioner could and should have raised this ground on direct appeal. *See State of Ohio v. Hassan Hassan*, No. CR09-2459 (Lucas Cnty Ct. Comm. Pl. Not. of Appeal filed July 26, 2011). His request for relief was denied and his Petition was dismissed on June 30, 2011.

Petitioner appealed the denial of his Post Conviction Petition to the Ohio Sixth District Court of Appeals. He asserted one assignment of error:

> The sole issue to this court is whether the defendant-appellant was denied the due process of law when the trial court did not properly advise the defendant-appellant of his appellate rights pursuant to R.C. 2953.08.

*Id.* The Court of Appeals determined first that Petitioner did not assert this ground in his Post Conviction Petition and the Court could not consider it for the first time on appeal. The Court further held that even if it could address the claim, the facts on the record did not support Petitioner's assertion. In the course of his plea hearing, Petitioner acknowledged in writing that:

> by pleading no contest ... I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence.

*Id.* at 2. In that same plea-form, Petitioner acknowledged that "if I am not a U.S. citizen, conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. I enter this plea voluntarily." *Id.* In support of his assignment of error, Petitioner apparently indicated English was not his first language. The Court noted that the record did not contain a request for an interpreter nor was there any indication that Petitioner had difficulty communicating with his

attorney or the trial court. *Id.* In fact, the record reflected that Petitioner, standing with counsel, addressed the court directly and intelligibly with a mitigation statement. *Id.* Prior to pronouncing sentence, the court reminded Petitioner of his limited right to a direct appeal. The Court of Appeals affirmed the decision of the trial court on August 3, 2012.

Petitioner appealed this decision to the Ohio Supreme Court on August 27, 2012. He asserted four Propositions of Law:

> 1. Defendant-Appellant who does not speak English as a first language, was denied his right to a proper notification of the nature of the charge against him as required by Ohio Constitution art. I, sec. 10 and he was denied due process and equal protection under the law under the Ohio Constitution art. 1, secs. 16 and 2 and Amend. XIV of the United States Constitution when the trial court did not provide a certified interpreter for Defendant.
>
> 2. The trial court erred by sentencing Defendant-Appellant to consecutive sentences without holding an allied offenses hearing pursuant to R.C. 2941.25(A), which would have proven allied offenses of similar import, thus violating Defendant-Appellant's right to due process of law and equal protection under the law in violation of the Ohio Constitution art. I, secs. 16 and 2 and Amend. XIV of the United States Constitution.
>
> 3. The trial court erred when it did not inform Defendant-Appellant of his appellate rights under R.C. 2953.08 and Crim. R. 32(B) in open court, thereby denying Defendant-Appellant his right to due process and equal protection under the law under the Ohio Constitution art. I, secs. 16 and 2 and Amend. XIV of the United States Constitution.
>
> 4. Defendant-Appellant received ineffective assistance of counsel under the Ohio Constitution art. I, sec. 10 and Amend. VI of the United States Constitution when defense counsel let [the] case go forward without [an] English interpreter for Defendant-Appellant who does not speak English as a first [language], allowed Defendant-Appellant to be sentenced without notification of his appellate rights under R.C. 2953.08 and Crim. R. 32 which should not be used to prevent Defendant-Appellant from filing a post-

conviction petition under R.C. 2953.21.

*See State v. Hassan Hassan*, No. 2012-1466 (Ohio S. Ct. filed Aug. 3, 2012).

The State filed a brief in response to Petitioner's Memorandum. They argued that Petitioner's first, second, and fourth propositions of law were raised for the first time in the Ohio Supreme Court and because they were not presented to the trial court in the original Petition, they were waived. The State further contended that Petitioner's claims pertaining to improper sentencing were barred by the doctrine of *res judicata*, as determined by the trial court. *Id.* The Ohio Supreme denied leave to appeal on November 28, 2012.

### III.  HABEAS PETITION

Petitioner then filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In the Petition, he asserts four grounds for relief:

> 1. Petitioner who does not speak English as a first language, was denied due process and equal protection of law under Amend. XIV of the United States Constitution when he was not given a certified interpreter by the trial court.
>
> 2. Petitioner's right to due process and equal protection under the law under Amend. XIV of the United States Constitution were violated when [the] trial court sentenced Petitioner to consecutive sentences without holding allied offenses hearing.
>
> 3. Petitioner's rights to due process and equal protection under the law under Amend. XIV of the United States Constitution were violated when trial court did not inform Petitioner of his appellate rights in open court.
>
> 4. Petitioner received ineffective assistance of trial counsel under Amend. VI of the United States Constitution when counsel failed to object to the errors raised on Grounds One, Two, and Three.

(ECF No. 1 at 6-11). In support of his first ground for relief, Petitioner contends he is originally

-5-

from Lebanon and does not speak English as his first language. He contends that the trial court did not inquire as to whether he needed a certified interpreter to understand the proceedings against him. He argues that this violated the Ohio Criminal Rules and his federal constitutional rights. (ECF No.1 at 6).

In support of his second ground for relief, Petitioner contends that the trial court did not conduct an allied offenses hearing to determine whether the two incidents were of a single animus. He argues his two convictions were for allied offenses of similar import and therefore, required concurrent rather than consecutive sentences. He also contends the trial court relied on a false pre-sentence report that listed an individual named "Hasan Hassan" who was previously convicted of robbery and drug trafficking. He asserts this error denied him the benefit of minimum concurrent sentences. (ECF No. 1 at 8).

In support of his third ground for relief, he claims he was not adequately informed of his appellate rights on the record. He indicates the trial judge stated on the record that Petitioner had been informed of his appellate rights by trial counsel but did not read those rights to him on the record. He argues that his sentence is void because proper notification of his right to appeal was not given at sentencing. He contends he should be given a *de novo* sentencing hearing or be granted immediate release. (ECF No. 1 at 9).

Finally, in support of his fourth ground for relief, he claims he was denied the effective assistance of trial counsel. He asserts his attorney did not ask for an English interpreter and was more interested in getting a plea deal than going to trial. He further asserts his attorney did not insist that the offenses were allied offenses of similar import, which Petitioner contends resulted in an eight-year sentence rather than a four-year sentence. He concludes by arguing that his

attorney did not insist on reading his appellate rights in open court.

## IV.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).  The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as

determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id*. at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id*. "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

## V. PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17

F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id*. This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court

has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Even when the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas

-10-

review.

Petitioner did not exhaust his state court remedies for any of the claims he asserts in his habeas Petition. He did not file a direct appeal. Instead, he filed a Petition for Post Conviction Relief asking the trial court to making factual findings required by Ohio Revised Code §§ 2929.14, 2929.19, and 2929.41. The trial court determined he could and should have raised this ground on direct appeal and it was now barred by *res judicata*. He appealed that decision, abandoning his original claim, and instead asserting that the trial court did not inform him on the record of his right to appeal. The Court of Appeals indicated that while there was ample support on the record for the trial court's admonition of Petitioner's appellate rights, Petitioner was raising this ground for the first time on appeal, and his claim was not properly before the Court. Petitioner filed an appeal of that decision to the Ohio Supreme Court, raising this claim and adding three new ones to his Petition. The Ohio Supreme Court denied leave to appeal. Petitioner did not present the four claims in this habeas Petition to the trial court, the Court of Appeals, and the Ohio Supreme Court. He therefore has not complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."

*Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847–48; *Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).

Petitioner has a remedy available which he can pursue in the Ohio Courts. Ohio Appellate Rule 5(A) permits a criminal defendant to seek leave to file a delayed appeal of his conviction. There is no indication that Petitioner attempted to obtain leave to file a delayed appeal under Rule 5(A). Although far from a guaranteed remedy, this Court cannot conclude that return to state court would be futile, as Petitioner offers that he was never properly informed of his right to appeal, and has a language barrier that prevented him from fully understanding the proceedings. His Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254 must be dismissed to allow Petitioner to return to state court to comply with the exhaustion requirement.

## III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                          s/ Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE

DATED: August 14, 2013